UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

F I L E D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 50031    AUG 2 9 2008 |
| vs. | ) | Judge Frederick J. Kapala |
| | ) | MICHAEL W. DOBBINS |
| CURTIS F. BOX | ) | CLERK, U.S. DISTRICT COURT |

## PLEA AGREEMENT

1.    This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant CURTIS F. BOX, and his attorney, PAUL E. GAZIANO, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2.    The indictment in this case charges defendant with being a felon in possession of a firearm which had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

3.    Defendant has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney.

4.    Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

5.    By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the indictment. The sole count of the indictment charges defendant with being a felon in possession of a firearm which had previously been transported in interstate and foreign commerce, in violation of

Title 18, United States Code, Sections 922(g)(1) and 924(e). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6.      Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

On June 14, 2008, at approximately 10:15 p.m., defendant was in the area of Fairview Avenue and Irving Avenue in Rockford, Illinois. At that time, as a police officer responding to the area for a shots fired call approached him, defendant threw a silver .22 caliber revolver with black electrical tape around the handle to the ground. The firearm, which was loaded, was a Rohm, model RG-10, .22 caliber revolver, serial number 485807, which was manufactured in Germany and imported into the United States by a company in South Carolina. The firearm was therefore transported in both foreign and interstate commerce prior to defendant's possession of it on June 14, 2008. Prior to June 14, 2008, defendant had been convicted of several offenses punishable by a term of imprisonment of more than one year.

## Maximum Statutory Penalties

7.      Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a.      A maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 15 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation for this offense. This offense also carries a maximum

fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than five years.

b.       In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

### Sentencing Guidelines Calculations

8.       Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.       For purposes of calculating the Sentencing Guidelines, the parties agree on the following points, except as specified below:

a.       **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

b.       **Offense Level Calculations.**

i.       The parties agree that defendant qualifies as an Armed Career Criminal, pursuant to 18 U.S.C. § 924(e), based upon three prior convictions for "violent felony" offenses, as outlined in paragraphs 9(c)(viii), 9(c)(xviii), and 9(c)(xxi) below. Thus, defendant's base offense level must be determined under Guideline § 4B1.4. It is the government's position that defendant's base offense level is 34, pursuant to Guideline § 4B1.4(b)(3)(A), because defendant possessed the firearm in connection with a crime of violence, specifically the offense of reckless

3

discharge of the firearm, a class 4 felony offense under Illinois law, 720 ILCS 5/24-1.5. It is the defendant's position that defendant did not possess the firearm in connection with a crime of violence, and that his base offense level for the charge in the indictment is 33, pursuant to Guideline § 4B1.4(b)(3)(B).

                ii.      Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

                iii.      In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

                c.      **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 22 and defendant's criminal history category is VI:

4

i.      On or about June 15, 1982, defendant was convicted of attempt petty theft in case number 82 CM 2525 in the Circuit Court of Winnebago County, Illinois and sentenced to 30 days in the Winnebago County Jail. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

ii.     On or about September 21, 1982, defendant was convicted of disorderly conduct in case number 82 CM 5768 in the Circuit Court of Winnebago County, Illinois and sentenced to 2 days in the Winnebago County Jail. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

iii.    On or about February 18, 1983, defendant was convicted of attempt retail theft in case number 83 CM 317 in the Circuit Court of Winnebago County, Illinois and sentenced to 7 days in the Winnebago County Jail. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

iv.     On or about January 9, 1984, defendant was convicted of possession of liquor by a minor in case number 84 CM 89 in the Circuit Court of Winnebago County, Illinois and sentenced to 2 days in the Winnebago County Jail. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

v.      On or about January 31, 1984, defendant was convicted of possession of liquor by a minor in case number 84 CM 503 in the Circuit Court of Winnebago County, Illinois and sentenced to 1 day in the Winnebago County Jail. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

vi.     On or about August 10, 1984, defendant was convicted of possession of a hypodermic syringe in case number 84 CM 3963 in the Circuit Court of Winnebago County,

Illinois and sentenced to 2 days in the Winnebago County Jail and $100 fines and costs. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(c).

vii.    On or about November 5, 1984, defendant was convicted of resisting a peace officer in case number 84 CM 5799 in the Circuit Court of Winnebago County, Illinois and sentenced to 15 days in the Winnebago County Jail. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

viii.    On or about December 11, 1985, defendant was convicted of the violent felony offense of burglary to a building in case number 85 CF 1000 in the Circuit Court of Winnebago County, Illinois and sentenced to 2 ½ years of probation and 120 days in the Winnebago County Jail. Defendant's probation was revoked on March 30, 1988, and he was sentenced to 3 years in the Illinois Department of Corrections. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

ix.    On or about February 19, 1987, defendant was convicted of battery in case number 87 CM 118 in the Circuit Court of Winnebago County, Illinois and sentenced to $70.30 fines and costs. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(c).

x.    On or about May 26, 1987, defendant was convicted of battery in case number 87 CM 3077 in the Circuit Court of Winnebago County, Illinois and sentenced to 2 days in the Winnebago County Jail. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

xi.    On or about September 11, 1987, defendant was convicted of disorderly conduct in case number 87 CM 5620 in the Circuit Court of Winnebago County, Illinois

6

and sentenced to 1 day in the Winnebago County Jail. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

xii.    On or about February 10, 1988, defendant was convicted of attempt retail theft in case number 88 CM 749 in the Circuit Court of Winnebago County, Illinois and sentenced to 180 days in the Winnebago County Jail. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

xiii.    On or about November 28, 1989, defendant was convicted of battery in case number 89 CF 1316 in the Circuit Court of Winnebago County, Illinois and sentenced to 86 days in the Winnebago County Jail and fines and costs. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

xiv.    On or about October 19, 1990, defendant was convicted of attempt retail theft in case number 90 CM 8646 in the Circuit Court of Winnebago County, Illinois and sentenced to 45 days in the Winnebago County Jail. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

xv.    On or about November 19, 1990, defendant was convicted of attempt criminal damage to property in case number 90 CM 9518 in the Circuit Court of Winnebago County, Illinois and sentenced to 6 months of conditional discharge and $73.30 fines and costs. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

xvi.    On or about September 12, 1991, defendant was convicted of two counts of attempt retail theft in case numbers 90 CM 7975 and 91 CM 1622 in the Circuit Court of Winnebago County and sentenced to 180 days in the Winnebago County Jail and $90 fines and costs,

to run concurrently with each other. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

xvii.   On or about November 16, 1992, defendant was convicted of attempt retail theft in case number 92 CM 467 in the Circuit Court of Winnebago County, Illinois and sentenced to 364 days in the Winnebago County Jail. Defendant receives no criminal history points for this sentence, pursuant to Guideline § 4A1.2(e).

xviii.   On or about October 21, 1994, defendant was convicted of the violent felony offense of residential burglary in case number 94 CF 1987 in the Circuit Court of Winnebago County, Illinois and sentenced to 6 years in the Illinois Department of Corrections. Defendant must receive 3 criminal history points for this sentence, pursuant to Guideline § 4A1.1(a).

xix.   On or about April 9, 1998, defendant was convicted of retail theft in case number 98 CM 2536 in the Circuit Court of Winnebago County, Illinois and sentenced to probation and $415 fines and costs. On April 26, 1999, defendant's probation was revoked and he was sentenced to one year of probation and 104 days in the Winnebago County Jail. Defendant must receive 2 criminal history points for this sentence, pursuant to Guideline § 4A1.1(b).

xx.   On or about May 12, 1999, defendant was convicted of felony retail theft in case number 99 CF 631 in the Circuit Court of Winnebago County, Illinois and sentenced to 4 years in the Illinois Department of Corrections. Defendant must receive 3 criminal history points for this sentence, pursuant to Guideline § 4A1.1(a).

xxi.   On or about May 10, 2001, defendant was convicted of the violent felony offense of aggravated battery in case number 01 CF 948 in Kane County, Illinois and

8

sentenced to 3 years in the Illinois Department of Corrections. Defendant must receive 3 criminal history points for this sentence, pursuant to Guideline § 4A1.1(a).

xxii.    On or about August 16, 2002, defendant was convicted of domestic battery in case number 02 CM 5689 in the Circuit Court of Winnebago County, Illinois and sentenced to 12 months of conditional discharge, 120 days in the Winnebago County Jail, and $260 fines and costs. Defendant must receive 2 criminal history points for this sentence, pursuant to Guideline § 4A1.1(b).

xxiii.    On or about October 24, 2003, defendant was convicted of domestic battery in case number 03 CM 5828 in the Circuit Court of Winnebago County, Illinois and sentenced to 24 months of probation, 180 days in the Winnebago County Jail, and $264 fines and costs. Defendant must receive 2 criminal history points for this sentence, pursuant to Guideline § 4A1.1(b).

xxiv.    On or about May 16, 2005, defendant was convicted of domestic abuse assault in case number SM CR 050955 in Clinton County, Iowa and sentenced to 2 days in jail. Defendant must receive 1 criminal history point for this sentence, pursuant to Guideline § 4A1.1(c).

xxv.    On or about March 20, 2006, defendant was convicted of domestic battery and interfering with the report of domestic violence in case numbers 06 CM 1610-1611 in the Circuit Court of Winnebago County, Illinois and was sentenced on March 27, 2006 to 200 days in the Winnebago County Jail, to run concurrently with each other. Defendant must receive 2 criminal history points for this sentence, pursuant to Guideline § 4A1.1(b).

xxvi.    On or about March 17, 2008, defendant was convicted of possession of between 2.5 and 10 grams of cannabis in case number 08 CM 1628 in the Circuit Court of

Winnebago County, Illinois and sentenced to 12 months of conditional discharge, 1 day in the Winnebago County Jail, and fines and costs. Defendant must receive 1 criminal history point for this sentence, pursuant to Guideline § 4A1.1(c).

xxvii.    Defendant must receive 2 criminal history points pursuant to Guideline § 4A1.1(d), because he was under a criminal justice sentence at the time he committed the instant offense, namely the sentence outlined in paragraph 9(c)(xxvi) above.

xxviii. Defendant must receive 1 criminal history point pursuant to Guideline § 4A1.1(e), because he committed the instant offense less than two years after his release from imprisonment on the sentence outlined in paragraph 9(c)(xxv) above.

d.    **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the government's anticipated offense level is 31, which, when combined with the anticipated criminal history category of VI, results in an anticipated advisory Sentencing Guidelines range of 188 to 235 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant's anticipated offense level is 30, which, when combined with the anticipated criminal history category of VI, results in an anticipated advisory Sentencing Guidelins range of 168 to 210 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 15 years' imprisonment.

e.    Defendant and his attorney and the government acknowledge that the above Guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guidelines

10

provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

f.    Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

10.    The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point within the range sentence should be imposed.

11.    The parties agree that there exist no aggravating or mitigating circumstances of any kind or to any degree that should result in a sentence outside the applicable advisory Guidelines range. Accordingly, the parties agree not to seek or support, directly or indirectly, any departure from or sentence outside of the applicable guidelines range.

12.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

**Forfeiture**

14.     The indictment charges that defendant has subjected personal property to forfeiture, namely a Rohm, model RG-10, .22 caliber revolver, serial number 485807 and ammunition, because that property was involved in the charged offense. By entry of a guilty plea to the sole count of the indictment, defendant acknowledges that the property identified above is subject to forfeiture.

15.     Defendant agrees to the entry of a forfeiture judgment against the property identified above, in that this property is subject to forfeiture. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the above-described property and further agrees to the seizure of this property so that this property may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture and will cooperate with the United States during the ancillary stages of any forfeiture proceedings to defeat the claim of a third-party in the event a third party files a claim. Defendant is aware that third parties may have claims to the property subject to forfeiture, but defendant's interest in the property exists because defendant possessed the firearm and ammunition on June 14, 2008.

16.    Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

### Presentence Investigation Report/Post-Sentence Supervision

17.    Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

18.    Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

19.    For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other

tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

20.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08 CR 50031.

21.     This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

22.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.     **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

14

i.      The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their

attendance through the subpoena power of the Court.  A defendant is not required to present any evidence.

       vii.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

       b.     **Appellate rights.**  Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed.  Defendant understands that any appeal must be filed within 10 days of the entry of the judgment of conviction.

       c.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

23.     By entering this plea of guilty, defendant also waives any and all right the defendant may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government.  Defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

**Other Terms**

24.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

25.   Defendant understands that the government has the right to seek defendant's truthful testimony before a grand jury or a district court.

## Conclusion

26.   Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

27.   Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement.  Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

28.   Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

29.   Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

30.     Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.


AGREED THIS DATE: _Aug. 29, 2008_


PATRICK J. FITZGERALD
United States Attorney

MICHAEL F. IASPARRO
Assistant U.S. Attorney
308 W. State Street - Suite 300
Rockford, Illinois 61101
(815) 987-4444

CURTIS F. BOX
Defendant

PAUL E. GAZIANO
Attorney for Defendant
202 W. State Street - Suite 600
Rockford, Illinois 61101
(815) 961-0800